HUERTAS *v*. ELZABURU.

APPEAL from the District Court of San Juan.

No. 45.—Decided April 11, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—The Supreme Court may consider the evidence on appeal whatever the nature of such evidence; that is to say, whether it is the testimony of witnesses or documentary evidence; but it is necessary that the same be set forth in a bill of exceptions, a statement of facts, or a statement of the case, approved with the formalities required by law.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for plaintiff and appellant.
*Messrs. Díaz and Texidor* for defendant and appellee.
MR. JUSTICE FIGUERAS delivered the opinion of the court.

Pedro de Elzaburu brought an action of unlawful detainer against Juan Mollfulleda, and by final judgment of December 20, 1902, the latter was adjudged to leave at the disposition of the former a tract of land that he was occupying. This judgment was executed and said Mollfulleda was ejected from the land in question.

Damiana Huertas y Pulido, on October 15, 1903, brought an action for recovery in the District Court of San Juan against Pedro de Elzaburu, alleging that she was the owner, under a recorded title, of an estate containing 200 *cuerdas*, 120 thereof situated in the *barrio* of Sabana Llana, municipal district of Río Piedras, and 80 in the *barrio* of Cuevas, in the municipal district of Trujillo Alto. She describes the boundaries thereof, explains the antecedents, and affirms that as a consequence of the action of unlawful detainer brought by Elzaburu against Mollfulleda, to which we have made reference above, the former had entered upon the possession of about 40 *cuerdas* belonging to the plaintiff, Mrs. Huertas; and she closes with the prayer that she be held to be the owner of the estate of 200 *cuerdas*, and that Pedro de Elzaburu be adjudged to restore to her the 39.858 *cuerdas* of which he is at present in possession as a consequence of the action of unlawful detainer mentioned; that the deed and the record in the registry of property in favor of Elzaburu be corrected as to one of the boundaries, and that the latter make restitution of the products produced, or which should have been produced, and that the costs be taxed against him.

Pedro de Elzaburu made answer to this complaint on January 4, 1904, alleging that he is the owner under a recorded title of an estate situated in the *barrio* of Sabana Llana of the municipal district of Río Piedras, containing 110 *cuerdas* of land, the boundaries of which he describes; which estate he acquired by purchase from the Spanish Government in Porto Rico, after having complied with the proper formalities, inasmuch as said estate was shown under No. 230 in the general inventory of national property; that before tak-

ing possession thereof he summoned all the adjoining owners, without there having been the slightest protest either before, at the time of, or after the possession; that the 39 and odd thousandths *cuerdas* from which he ejected Mollfulleda, do not in any part adjoin the lands of the plaintiff, Damiana Huertas, nor is there any boundary similar to that of the estate she describes as belonging to her in the complaint; that in the action of unlawful detainer very full expert evidence was heard, which showed upon the drawing of the ground plan that the Estate of Elzaburu consisted of 110.5 *cuerdas* and odd hundredths of another, which was identified as the same one which appeared in the plan in the former *Intendencia* and in accordance with which the sale was made to Juan Manuel Cuadrado and later to Elzaburu; that the plaintiff Huertas has never been the owner of the 39.858 *cuerdas,* which she claims and which she alleges to be comprised within the estate of the defendant; that there is nothing to correct in his deed nor in the record, because in the two judgments rendered in the action of unlawful detainer it was recognized that the fact that the deed mentioned the property of the Estate of Luis Vázquez, instead of Luis Vergne, as one of the boundaries, was only an unimportant error; and he closed with the prayer that the complaint be dismissed.

The defendant also filed a cross-complaint praying for the annulment of the contract of purchase and sale of a rural estate and the deed contained in said contract, executed by Juan Mollfulleda, as the attorney in fact of Bartolomé Cusso, in favor of Damiana Huertas, upon which sale the latter bases the present action for recovery; that certain proceedings and decisions relating to the title of the Huertas property be likewise annulled and, consequently, that the record of said deed and of the records of the conversion of the possession into ownership contained in the Registry of Property of San Juan be ordered cancelled.

The plaintiff, Damiana Huertas, contested the cross-com-

plaint filed by the defendant, on the ground that only contracting parties, or their successors in interest, have the right to attack the validity of a contract, and Pedro de Elzaburu has none of these capacities, and less after the answer to the complaint, as she denies therein that she possessed or had ever possessed the lands which the plaintiff claims as her own.

On January 27, 1905, the case was called to trial, both parties appearing through their counsel, and the District Court of San Juan, after having read the pleadings and heard the evidence and the arguments, is of the opinion that the facts and the law are against the plaintiff, and against the defendant as to the cross-complaint; and, consequently, on January 31, 1905, rendered judgment holding that the plaintiff, Damiana Huertas, should not recover anything from the defendant, Pedro de Elzaburu, and deciding, as it did, that the cross-complaint should be dismissed, with the costs against the plaintiff. This judgment was entered February 2, 1905.

Both parties appealed from the foregoing judgment, the plaintiff because her complaint was dismissed, and the defendant because his cross-complaint was dismissed.

They then appeared in this Supreme Court and presented with the record an uncertified copy of the documents which, according to the index, served as evidence of the facts which each alleged in his favor, the following appearing at the end of said copy:

"We, counsel for the plaintiff and defendant, certify that the foregoing copy of the matter it contains is correct, and we accept it for the purpose of the appeal taken by the plaintiff from the judgment dismissing her complaint, and by the defendant from the judgment dismissing his cross-complaint. San Juan, April 17, 1905.—Manuel F. Rossy, counsel for the plaintiff; Díaz & Texidor, Lic. J. Texidor, counsel for defendant."

They then filed their briefs in this court, in which each sustained his allegations and legal considerations advanced in

the District Court of San Juan and later orally reproduced at the hearing.

All the evidence presented in this action is documentary, no witnesses having been heard, and no reference having been made to such testimony in the record. But the record transmitted to this court does not contain any bill of exceptions, or statement of facts, or a statement of the case; and, according to the judgment of this court, it makes no difference whether the evidence presented in the lower court consists of documentary evidence or of the testimony of witnesses, because it is just as necessary to include one class of evidence as the other in a bill of exceptions or statement of facts. This was held in appeal No. 81, from the Humacao court, of *Octavio Ramírez and Josefa Carrasquillo* v. *Dolores Surillo and Caracoiolo Carrasquillo,* decided by this Supreme Court on March 28th last (*ante,* p. 311), in which appeal the opinion of the court was delivered by Mr. Justice MacLeary, whose opinion was accepted by this court in its judgment.

The District Court of San Juan, in arriving at the conclusions it did, must have found from the evidence presented that the plaintiff had not proved each and every one of the facts which are necessary for the success of an action for recovery; that is to say, the ownership of the 39.858 *cuerdas,* the identification of said tract of land beyond question, and that said tract of land duly identified was wrongfully held by the defendant, Pedro de Elzaburu; and said court must also have found as the result of the evidence, that the defendant Elzaburu had not proved facts sufficient to warrant the annulments which he sought in the cross-complaint embodied in his answer to the complaint, or that he was the successor in interest of the parties to the contract the annulment of which he seeks, and for these reasons dismissed the complaint and the cross-complaint.

We cannot disturb these findings because we lack in this appeal a bill of exceptions, a statement of facts or of the case, comprising the documents constituting the evidence in

such form as to permit of their identification, as would be the case if the bill or statement referred to were submitted with the approval of the adverse party, if possible, and with the approval of the judge who heard the matter, or of one of the justices of the Supreme Court, in a proper case, as provided by sections 214 and 218 of the Code of Civil Procedure. Only in this manner would the evidence appear with the authentic character necessary to enable us to judge whether or not there were any errors in the findings; but in view of the manner in which this case has been presented, we must assume that the judgment appealed from is just in every respect, and, consequently, it should be affirmed without any special taxation of costs.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.